FILED
United States Court of Appeals
Tenth Circuit

**March 2, 2015**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENNTH CIRCUIT

---

DONALD T. PIPPIN, SR.,

     Plaintiff-Appellant,

v.

ELBERT COUNTY, COLORADO;
DEL SCHWAB; KURT C.
SCHLEGEL; JOHN SHIPPER, Elbert
County Commissioners in their official
and individual capacities,

     Defendants-Appellees.

No. 14-1082
(D.C. No. 1:12-CV-01768-WYD-
MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Donald Pippin suspected that Elbert County officials were squandering

taxpayer money. So he started using Colorado's Open Records Act (CORA),

Colo. Rev. Stat. § 24–72–204, to see if his hunch was true. Over the course of

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

five months Mr. Pippin submitted around a dozen CORA requests to the County seeking financial information including payroll records, County vehicle mileage data, and employee credit card statements. Mr. Pippin also sent County employees a slew of emails and voice messages expressing dissatisfaction with the handling of his requests. He aired his grievances in person, too, on several occasions complaining to officials at the County administration building.

Some County employees grew worried by Mr. Pippin's actions. As they saw it, he was growing more and more agitated — leaving threatening messages, filing reiterative records requests, and raising his voice during visits to the County building. Most troubling of all, they say, he was spotted "casing" the building and taking pictures of newly installed security cameras. Worried that Mr. Pippin's actions evinced a sinister design, County Commissioner Kurt Schlegel sought a civil protective order in state court. The court entered a temporary order restraining Mr. Pippin from coming near the County building. *See* Colo. Rev. Stat. § 13-14-104.5(7)(a) (allowing for temporary civil protective orders when "the issuing judge . . . finds that an imminent danger exists to the person or persons seeking protection"). But the order was dissolved a week later when, at a subsequent hearing on the County's attempt to make the order permanent, the court concluded there was insufficient evidence Mr. Pippin presented an imminent danger.

Soon afterward, Mr. Pippin sued three County commissioners for damages under 42 U.S.C. § 1983, alleging — among other things — that they had retaliated against him for exercising his First Amendment rights. In the end, however, the district court found the commissioners were entitled to qualified immunity. It is this ruling Mr. Pippin asks us to reverse.

To win that relief, Mr. Pippin must carry the "heavy burden" of showing both that (1) the defendants violated one of his constitutional or statutory rights, and (2) "the infringed right at issue was clearly established at the time of the allegedly unlawful activity such that 'every reasonable official would have understood that what he [was] doing' violated the law." *Kerns v. Bader*, 663 F.3d 1173, 1180 (10th Cir. 2011) (alteration in original) (quoting *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011)).

We don't have to revisit the district court's ruling on the first of these questions because it's clear enough that he hasn't carried his burden on the second. Mr. Pippin points to cases that establish the cardinal principle that public officials may not retaliate against citizens for exercising their First Amendment rights. *See, e.g.*, *Worrell v. Henry*, 219 F.3d 1197 (10th Cir. 2000); *Lackey v. County of Bernalillo*, 166 F.3d 1221 (10th Cir. 1999) (unpublished table decision). But none of these authorities clearly indicates that public officials are disabled from seeking civil protective relief from a neutral magistrate against seemingly legitimate threats to the safety of their persons. And Mr. Pippin

himself doesn't dispute that the defendants had a reasonable basis for seeking the temporary protective order. Indeed, he acknowledges that taking pictures of surveillance systems can be a sign of a threat. Mr. Pippin disputes only whether the defendants' actions in seeking the permanent protective order offended his clearly established rights. He says the defendants should've known better than to seek that relief because, between the first order and the second, he told them he was photographing the County offices not with plans to hurt anyone but only because he was intent on investigating whether officials had spent too much money on new security cameras. It's unclear to us, though, why reasonable officials would have had to accept Mr. Pippin's protestations about the innocence of his intentions at this point when a neutral magistrate had just verified the defendants' safety concerns by issuing a temporary restraining order. Certainly Mr. Pippin does not identify any clearly established law compelling such a conclusion.

A different problem confronts the remaining claims Mr. Pippin pursued and lost in district court. In his opening brief on appeal he spends most of his time advancing the highly generalized complaint that the district court failed to construe disputed factual issues in his favor. This is insufficient to permit us to review, let alone reverse, the district court with any confidence on any of the remaining claims. *See, e.g.*, *Utah Lighthouse Ministry v. Found. for Apologetic*

*Info. & Research*, 527 F.3d 1045, 1049 n.1 (10th Cir. 2008) ("Arguments inadequately briefed in the opening brief are waived.").

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge